IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID E. LARRIEU, *et al.*,

    Plaintiffs,

  v.

ING BANK, FSB, *et al.*,

    Defendants.

No. C 11-6167 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION; DENYING MOTION TO STRIKE AS MOOT**

Defendant's motions to dismiss and to strike are scheduled for a hearing on March 16, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss for lack of jurisdiction and DENIES defendant's motion to strike as moot.

**BACKGROUND**

On March 28, 2008, plaintiffs Deborah and David Larrieu entered into two mortgage agreements with defendant ING Bank for a combined $1,050,000.00. Compl. ¶¶ 10-11. Plaintiffs claim that the mortgage agreements were secured by illegal conduct on the part of the various defendants.[1] Plaintiffs filed this lawsuit on December 8, 2011, alleging eight claims under California law as well as

---

[1] Defendants are ING Bank, FSB; Universal Wholesale Financial, Inc. dba W F Escrow; Creative Escrow Services, Inc.; DOES 1-10.

a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Prior to filing this lawsuit, plaintiffs brought state law claims similar to those at issue here in two state court lawsuits. The first state court suit was initially filed in Sonoma County Superior Court on December 1, 2008, but was then transferred to Los Angeles County Superior Court, Case No. BC413226. This suit was brought against several defendants, one of which was current defendant Wholesale Financial, Inc. ("WF Escrow"), which acted as plaintiffs' mortgage broker in the mortgage transactions. Plaintiffs did not sue defendant ING in the first state court lawsuit. Plaintiffs obtained a judgment, but were unable to recover because WF Escrow had gone out of business.

On January 21, 2011, plaintiffs filed a second suit in Sonoma County Superior Court naming ING as a defendant, Case No. SCV 428989. ING filed a demurrer, and on August 24, 2011, the state court sustained the demurrer and dismissed plaintiffs' complaint with leave to amend. On September 23, 2011, plaintiffs filed a first amended complaint alleging various state law claims. On October 28, 2011, ING demurred to the first amended complaint, contending for the first time that plaintiffs' claims were preempted by the federal Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. §§ 1467 *et seq.*, and its implementing regulations. On December 7, 2011, plaintiffs filed a response to the demurrer stating, *inter alia*, that "[i]n an excess of caution and recognizing that this action may belong in federal court, Plaintiffs are obligated to dismiss their state court action without prejudice and re-file their lawsuit in federal court." Def's Request for Judicial Notice, Ex. L at 2. On December 12, 2011, plaintiffs filed a request for dismissal without prejudice, which the Superior Court granted.

On December 8, 2011, plaintiffs filed this lawsuit, alleging identical state law claims to those plaintiffs brought in their first amended complaint before the Sonoma County Superior Court. Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1331 because the claims involve "federal questions regarding interpretation and proper application of . . . [HOLA] . . . and its implementing regulations . . . ." Compl. ¶ 1. ING moves to dismiss the suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which this Court can grant relief pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

**DISCUSSION**

**1.    Subject matter jurisdiction under 28 U.S.C. § 1331**

The federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The question whether a particular claim arises under federal law for the purposes of statutory "federal question" jurisdiction is governed generally by the "well-pleaded complaint rule," which states that "federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("[a] suit arises under the law that creates the cause of action."). Where the plaintiff's complaint asserts only state law claims, however, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13 (1983). It is "long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Similarly, the "mere need to apply federal

law in a state-law claim" does not "suffice to open the 'arising under' door" to federal jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005).

Plaintiffs allege eight state law claims in their complaint: fraudulent intentional misrepresentation, fraudulent concealment, quiet title, unlawful business practices, negligent interference with economic relationship, negligence, conspiracy, and injunctive relief. The complaint does not allege that some substantial, disputed question of federal law is a necessary element of any of the state claims. Nor does the complaint allege that any of the state claims are "really" claims of federal law.[2] Instead, plaintiffs allege that federal question jurisdiction exists because their claims involve "federal questions regarding interpretation and proper application of the Home Owners' Loan Act . . . and its implementing regulations . . . ." Compl. ¶ 1. Plaintiffs appear to be arguing that because defendants have asserted a defense of HOLA preemption, plaintiffs' state law claims require the resolution of a federal question sufficient to create federal question jurisdiction. However, "a case does not arise under federal law . . . when the federal question is merely an anticipated defense to a state lawsuit." *Armstrong v. Armstrong*, 696 F.2d 1237, 1238 (9th Cir. 1983); *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("The general rule is that a defense of federal preemption of a state-law claim . . . is an insufficient basis for original federal question jurisdiction under § 1331(a) . . . ."); *Sarzaba v. Aurora Loan Servs.*, No. 10cv1569 BTM (NLS), 2010 WL 3385062, at *2 (S.D. Cal. Aug. 26, 2010) ("To the extent any of Plaintiffs' claims are preempted by HOLA, the Court does not believe that such preemption would give rise to removal jurisdiction.").

Plaintiff's claim under the federal Declaratory Judgment Act is also insufficient to confer subject matter jurisdiction. The Supreme Court has held that the Declaratory Judgment Act is procedural and does not extend the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S.

---

[2] Courts have held that a state law claim is "really" a federal claim under the doctrine of complete preemption. *See generally Caterpillar Inc.*, 482 U.S. at 393. The parties agree that HOLA does not completely preempt plaintiffs' state law claims. Defendant's Mot. at 7-8; Plaintiffs' Opp. at 10. Although the Ninth Circuit has not yet addressed the question of whether HOLA completely preempts state law claims, districts court within the Ninth Circuit have concluded that HOLA and its implementing regulations do not. *See, e.g., Bazan v. U.S. Bancorp*, No. 10-CV-03265-LHK, 2011 WL 566804, at *4 (N.D. Cal. Feb. 14, 2011); *Sarzaba v. Aurora Loan Servs.*, No. 10cv1569 BTM (NLS), 2010 WL 3385062, at *3 (S.D. Cal. Aug. 26, 2010); *Pazos v. Wachovia*, No. CV 10-2732 AHM (CWx), 2010 WL 3171082, at *3-4 (C.D. Cal. Aug. 10, 2010); *Caampued v. First Federal Bank of California*, No. C 10-0008 RS, 2010 WL 963080, at *2 n.1 (N.D. Cal. Mar. 16, 2010).

4

667, 671 (1950) (declaratory action asserting a federal defense to a nonfederal claim was not a "civil actio[n] arising under the . . . laws . . . of the United States" within the meaning of the federal-question jurisdiction statute, 28 U.S.C. § 1331). Thus, "[t]he use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." *Janakes v. United States Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985).

**2**.     **Plaintiffs' request for leave to amend to cure jurisdictional defect**

Plaintiffs request leave to amend their complaint pursuant to Fed. R. Civ. P. 15. Plaintiffs suggest that such amendment is allowed pursuant to 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." However, the Supreme Court has held that § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). Thus, § 1653 permits amendment where subject matter jurisdiction existed prior to the request for amendment, but where certain factual allegations regarding that jurisdiction were misstated. Section 1653 does not apply to a situation, like here, where jurisdiction did not exist prior to the request for leave to amend. In other words, Congress, through the statute, meant only to allow amendment where changes were made in phraseology. But, "surely a change that would empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before is much more than a change in phraseology." *Id.* Therefore, Court DENIES plaintiffs' request for leave to amend the complaint to cure the jurisdictional defect.

**3.**     **Plaintiffs' request for remand to state court**

Plaintiffs also request that the Court remand this case to state court in lieu of dismissing the complaint. However, plaintiffs originally filed this action in this court. Remand to state court is available only when the suit originated in state court but was removed to federal court pursuant to 28

U.S.C. § 1441(a). Therefore, this Court is unable to remand the case to state court.[3]

## CONCLUSION

This Court lacks subject matter jurisdiction over the complaint. The Court GRANTS defendant's motion to dismiss and DENIES defendant's motion to strike as moot. Docket Nos. 24 and 25.

**IT IS SO ORDERED.**

Dated: March 12, 2012

SUSAN ILLSTON
United States District Judge

---

[3] Both parties concede that HOLA does not completely preempt plaintiffs' state law claims. Therefore, should plaintiffs refile their action in state court, the question of whether plaintiffs' claims are preempted in any way by HOLA could be determined by that court.